21CA1789 Peo v Young 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 21CA1789 El Paso County District Court No. 19CR6848 Honorable Erin Sokol, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Fredrick Stanley Young, Defendant-Appellant. JUDGMENT AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE DUNN Yun and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Philip J. Weiser, Attorney General, Jessica E. Ross, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
 1 ¶ 1 Defendant, Fredrick Stanley Young, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree murder. We affirm the judgment and remand with directions to correct an error on the mittimus. I. Background ¶ 2 According to Young’s testimony at trial, he and his wife, J.Y., had a few drinks before attending a wedding reception, where they continued to drink. Afterward, the couple visited a few bars. By this point, both Young and J.Y. were drunk. ¶ 3 On the car ride home, the couple began to argue. Once home, the argument continued in the garage. J.Y. hit Young in the back of the head, causing him to bleed. Young pushed J.Y. and told her to punch him harder. J.Y. said, “I’m done. I want a divorce.” ¶ 4 Young stumbled into the house and sat down on the couch. J.Y. demanded he move so that he didn’t get blood on it. When he stood up, J.Y. shoved him. Young then went into the kitchen to get a paper towel for his bloody head. ¶ 5 J.Y. approached Young and again tried to hit him, but Young blocked her. A struggle then ensued. Young remembered squeezing J.Y.’s throat between his arms and “just holding her to 
 2 try and keep her from hitting [him].” The couple slipped on the floor and fell backward, which “knocked out” Young “for a little bit.” When he came to, he thought he heard J.Y. snoring, so he covered her with a blanket and went to bed. ¶ 6 The next morning, Young realized J.Y. was dead. Later that day, Young turned himself in to the police. ¶ 7 The prosecution charged Young with first degree murder. At trial, Young admitted to killing J.Y. but claimed it was an “unfortunate accident.” He testified that he was not trying to hurt or kill her. But he also testified that he continued to strangle J.Y. after she lost consciousness and admitted that’s what killed her. ¶ 8 The trial court instructed the jury on first degree murder as well as the lesser included offenses of second degree murder, manslaughter, and criminally negligent homicide. But it denied Young’s requested heat of passion mitigator instruction, finding that none of the evidence presented was “sufficiently serious and provokingly sufficient to excite an irresistible urge in a reasonable person to murder [J.Y.].” ¶ 9 The jury convicted Young of second degree murder. The court sentenced him to forty-four years in prison. 
 3 II. Heat of Passion Instruction ¶ 10 Young contends that the trial court erred by failing to instruct the jury on the mitigating circumstance of heat of passion. We disagree. A. Standard of Review and Applicable Law ¶ 11 We review de novo whether there was sufficient evidence to support giving a tendered jury instruction. Castillo v. People, 2018 CO 62, ¶ 32. ¶ 12 The trial court must correctly instruct the jury on all matters of law for which there is sufficient evidence to support giving the instructions. Cassels v. People, 92 P.3d 951, 955 (Colo. 2004). When reviewing whether an instruction was warranted, we consider the evidence in the light most favorable to the defendant. Id. ¶ 13 Second degree murder, a class 2 felony, may be mitigated to a class 3 felony if committed under a heat of passion. § 18-3-103(3)(a)-(b), C.R.S. 2023. To entitle a defendant to a heat of passion instruction, the evidence must establish that (1) the assault was performed upon a sudden heat of passion; (2) the assault was caused by a serious and highly provoking act of the intended victim; (3) the provoking act was sufficient to excite an irresistible passion 
 4 in a reasonable person; and (4) between the provocation and the assault, an insufficient interval of time passed for the voice of reason and humanity to be heard. See People v. Tardif, 2017 COA 136, ¶ 22; § 18-3-103(3)(b). A heat of passion instruction is warranted “whenever a defendant shows some supporting evidence — regardless of how incredible, unreasonable, improbable, or slight it may be — to establish each” of these factors. Cassels, 92 P.3d at 956. B. The Evidence Was Insufficient to Support a Heat of Passion Instruction ¶ 14 Considering the first factor, we reject Young’s contention that sufficient evidence supported instructing the jury on the mitigating circumstance of heat of passion. The first factor requires some evidence that showed Young “suffered a sudden, unanticipated loss of self-control in response to [J.Y.’s] provocation.” People v. Sepulveda, 65 P.3d 1002, 1007 (Colo. 2003). ¶ 15 But Young didn’t testify to any loss of self-control, let alone a “sudden” or “unanticipated” loss of control. Rather, he explained that J.Y.’s physical attacks didn’t hurt him; that he wasn’t afraid of J.Y. or angry at her for threatening divorce; and that, while in the 
 5 garage, he was “egging [J.Y.] on” and “attempting to agitate her.” To the extent Young testified that he was “upset” or “angry,” he attributed that to a separate topic the couple argued about on the car ride home. But he clarified that the argument was not “upsetting enough” for him “to get into a physical altercation with [J.Y.].” ¶ 16 And once inside the home, Young explained that he wanted to “get away from [J.Y.]” and “just go to bed.” He said he made it clear to J.Y. that he was “trying to disengage” and that he went to the kitchen for that purpose. As to why he put J.Y. in a headlock, Young testified that he was “[j]ust trying to protect [himself]” and “keep her from hitting [him].” According to Young, J.Y.’s death was an “unfortunate accident,” not the product of anger or provocation. ¶ 17 Because Young points to no evidence showing “a sudden, unanticipated loss of self-control in response to [J.Y.’s] provocation,” id., the first required factor of the mitigating circumstance of heat of passion is absent and, thus, the trial court did not err by refusing to give a heat of passion instruction. 
 6 III. Correction of Mittimus ¶ 18 Under Crim. P. 36, the court may correct clerical mistakes in judgments or orders at any time and after such notice, if any, as the court orders. Because the mittimus incorrectly indicates that Young pleaded guilty to the charge of second degree murder, we remand to the trial court to correct the mittimus to reflect that a jury found Young guilty of second degree murder. IV. Disposition ¶ 19 We affirm the judgment and remand with directions to correct the mittimus. JUDGE YUN and JUDGE MOULTRIE concur.